IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON DIVISION

| | |
|---|---|
| John Carl Strockman, ) | Civil Action No. 8:09-2728-JMC-KFM |
| Plaintiff, ) | |
| vs. ) | **REPORT OF MAGISTRATE JUDGE** |
| Robert Bosch Corporation, ) | |
| Defendant. ) | |

The plaintiff, who is proceeding *pro se*, alleges that he was terminated from employment with the defendant "for being handicapped." Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A) and Local Civil Rule 73.02)(B)(2)(e) D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

The plaintiff filed his complaint on October 20, 2009. The Honorable William M. Catoe, United States Magistrate Judge (Retired), entered a scheduling order on December 23, 2009, setting forth the deadlines in this case. On January 8, 2010, the plaintiff submitted a handwritten note stating "I need to delay this until I have my ACLU attorney. I can have this done by March 1, 2010." On January 21, 2010, Judge Catoe entered an amended scheduling order extending all deadlines by at least 45 days. The deadline for both parties to submit their Rule 26(f) reports was March 19, 2010. The defendant timely submitted its report, but the plaintiff did not. On March 22, 2010, Judge Catoe entered an order directing the plaintiff to file his Rule 26(f) report on or before April 8, 2010, and further informing the plaintiff that "failure to comply with this Order could result

in the imposition of sanctions, both monetary and dismissal of all causes of action and/or all defenses." The plaintiff has yet to file a Rule 26(f) report.

On June 30, 2010, the defendant filed a motion to dismiss for failure to prosecute or, in the alternative, for failure to comply with a court order. By order of this court filed July 8, 2010, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary dismissal procedure and the possible consequences if he failed to respond adequately. Despite this explanation, the plaintiff did not respond to the motion.

On August 17, 2010, this court issued an order giving the plaintiff through September 10, 2010, to respond to the motion to dismiss. The plaintiff was advised that if he failed to respond, this action would be subject to dismissal for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b), and the dismissal would be considered an adjudication on the merits, i.e., *with prejudice*. The plaintiff has filed no response to the motion to dismiss.

A complaint may be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and/or failure to comply with orders of the court. *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir.1989), *cert. denied,* 493 U.S. 1084 (1990). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

> (1) the degree of personal responsibility on the part of the plaintiff;
>
> (2) the amount of prejudice to the defendant caused by the delay;
>
> (3) the history of the plaintiff in proceeding in a dilatory manner; and,
>
> (4) the existence of less drastic sanctions other than dismissal.

*Davis v. Williams*, 588 F.2d 69, 70 (4th Cir.1978).

In the present case, the plaintiff is proceeding *pro se*, and he is thus entirely responsible for his actions. It is solely through his neglect, and not that of an attorney, that no response has been filed. The prejudice to the defendant is high as it is left to wonder when the action the plaintiff filed against it will be resolved. The plaintiff has not filed his Rule 26(f) report despite the court's orders directing him to do so. Also, the plaintiff has not responded to the defendant's motion to dismiss nor the court's orders advising him of the consequences if he failed to respond. Accordingly, the undersigned concludes the plaintiff has abandoned his lawsuit. No other reasonable sanctions are available.

Based upon the foregoing, it is recommended that the motion to dismiss for lack of prosecution (doc. 39) be granted and this action be dismissed pursuant to Rule 41(b).

                    s/Kevin F. McDonald
                    United States Magistrate Judge

September 13, 2010

Greenville, South Carolina