IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | | |
|---|---|---|
| John Carl Strockman, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 8:09-cv-02728-JMC |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Robert Bosch Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

The *pro se* Plaintiff brings this action alleging that he was terminated from his employment with Defendant because of his physical disability. This matter is now before the court upon the Magistrate Judge's Report and Recommendation [Entry #50], filed on September 13, 2010, recommending this case be dismissed pursuant to Rule 41(b) of the Federal Rules of Procedure on the grounds that Plaintiff failed to prosecute this case. More specifically, the Magistrate Judge determined that Plaintiff did not submit his Rule 26(f) report in accordance with the scheduling order. The Report and Recommendation sets forth in detail the relevant facts and legal standards in this matter, and the court incorporates the Magistrate Judge's recommendation without a recitation.

**STANDARD OF REVIEW**

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423

U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions.

The Magistrate Judge apprised Plaintiff of his right to file objections to the Report and Recommendation [Entry # 39-1]. Plaintiff filed no objections to the Report and Recommendation within the prescribed time period.[1]

In the absence of objections to the Magistrate Judge's Report and Recommendation, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report and Recommendation results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

After a thorough review of the Report and Recommendation and the record in this case, the court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein. It is

---

[1] Plaintiff did file a letter with the court on September 27, 2010 [Entry # 52], wherein he stated that he had hired an attorney, Mr. Bruce Byrholdt, and that his attorney would file "some paperwork" shortly thereafter. To date, neither Plaintiff nor his attorney has filed any documents with this court.

therefore **ORDERED** that this case is dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

    **IT IS SO ORDERED.**

s/ J. Michelle Childs  
United States District Judge

October 6, 2010  
Greenville, South Carolina